UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY J. FLEMING,                                    No. 08-10062

                    Plaintiff,                      District Judge David M. Lawson

v.                                                  Magistrate Judge R. Steven Whalen

WAYNE COUNTY SHERIFFS
DEPARTMENT, ET.AL.,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss for Failure to Prosecute [Docket #21], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

Plaintiff is proceeding *pro se* in this § 1983 civil rights action. On February 25, 2009, the Court granted Plaintiff's unopposed motion to substitute the County of Wayne as the real party in interest, in place of the Wayne County Sheriff's Department, and also granted his unopposed motion to amend his complaint. The Court ordered the Plaintiff to file his amended complaint and exhibits no later than 21 days from the February 25th order.

The Plaintiff did not file his amended complaint within the time allotted. On June 10, 2009, I ordered the Plaintiff to show cause in writing on or before June 24, 2009 why I should not issue a Report and Recommendation for dismissal for failure to prosecute. I also warned the Plaintiff that "[f]ailure to comply with this order will result in a Report

-1-

recommending the dismissal of this action."

June 24 came and went, and the Plaintiff has not responded to the show cause order. Nor has he filed his amended complaint and exhibits as ordered.

## II.   DISCUSSION

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

In exercising discretion to dismiss for failure to prosecute under Rule 41(b), the court considers four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir.2005) (citing *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999)). *See also Mulbah v. Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir.2001).

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991). Fed. R. Civ. P. 41(b) permits the Court to dismiss a case *sua*

*sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *see also Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.1999).

As to the first factor, Plaintiff has ignored two orders of this Court, including the June 10, 2009 show cause order. He has provided no explanation for not filing his amended complaint as ordered. This looks very much like willfulness, bad faith or fault. Under Rule 41(b), "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir.2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

As to the second factor, the length of the delay since the Plaintiff was ordered to file his amended complaint (February 25, 2009) and the excessive time since he was ordered to show cause why the case should not be dismissed (June 10, 2009) is prejudicial to the Defendants. Indeed, the case has lingered since the original complaint was filed in January of 2008.

As to the third factor, Plaintiff was clearly warned not only that his failure to comply with the show cause order *might* lead to dismissal, but that it *would* result in a Report and Recommendation for dismissal. And as to the fourth factor, because it is apparent that the Plaintiff has abandoned this case, it would be futile to impose lesser sanctions. This case should be dismissed.

-3-

## III.   CONCLUSION

I therefore recommend that Defendants' motion to dismiss for failure to prosecute [Docket #21] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991);  *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 28, 2009

CERTIFICATE OF SERVICE

-4-

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 28, 2009.

s/Susan Jefferson
Case Manager